UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLA HILL,<br><br>                              Plaintiff,<br>v.<br>PETERSON, BURNELL, GLUSASER & ALLRED, a Professional Corporation, RICHARD PETERSON, as an individual, DOES 1-10.<br>                              Defendants. | Case No.:  3:16-cv-2476-GPC-AGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS**<br><br>**[Dkt. No. 2]**<br><br>**2) DISMISSING RICO CLAIM PURSUANT TO SUA SPONTE SCREENING REQUIRED BY 28 U.S.C. §§ 1915(e)(2)(B)(ii) and DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION**<br><br>**[Dkt. No. 1]**<br><br>**3) DENYING PLAINTIFF'S REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>**[Dkt. No. 3]** |

Plaintiff Carla Hill, proceeding pro se, has filed a complaint for damages under the federal Racketeering Influenced and Corrupt Organizations Act ("RICO") and for conversion, breach of fiduciary duty, and conspiracy under California law. Dkt. No. 1. Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time of filing, but instead filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915. For the following reasons, the Court **GRANTS** Plaintiff's motion to proceed IFP, sua sponte **DISMISSES** her federal RICO cause of action for failure to state a claim, and **DECLINES** to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

### I.     Motion to Proceed In Forma Pauperis

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A court may authorize the commencement of a suit without prepayment of fees if the plaintiff submits an affidavit, including a statement of all of his or her assets, showing that he or she is unable to pay the fees. *See* 28 U.S.C. §1915(a). Such an affidavit must include a complete statement of the plaintiff's assets. *See id.*

An IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

In her declaration, Plaintiff states that she expects to receive $500 from her employment, $450 from self-employment, and $143 in dividends, for a total monthly

income of $1,093.00. Dkt. No. 2 at 1-2. She adds that she currently has just $100.00 in one checking account and that she is owed $5,400.00 in child support payments that are currently in arrears. *Id.* at 2-3. Plaintiff's total monthly expenses, accounting for amounts owed on her motor vehicle and on credit cards total $1,947.00. *Id.* at 5. Plaintiff also owes $89,000 in attorney bills owed in conjunction with this lawsuit. *See id.* ("but attorney bills I did not list above of currently 89,000 left.").

Because Plaintiff's monthly expenses far outweigh her monthly income, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and declines to "exact" any initial filing fee because she has no means to pay it.

## II.   Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)

Because Plaintiff is proceeding IFP, her complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). Under this statute, a court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2) and explaining that it applies equally to prisoner and non-prisoner claimants). A pro se complaint should, moreover, be construed liberally and afford the plaintiff any benefit of the doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Federal Rule of Civil Procedure 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience

and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

**A. RICO Violation**

The complaint avers that the Defendants and Ron Hill, her former husband, violated RICO by defrauding Plaintiff of money and property through a conspiracy aimed at getting her to sign a marital dissolution agreement to her financial detriment. *See* Compl. ¶¶ 6-8. More specifically, she alleges that the Defendants "devised a scheme and artifice with husband Ron Hill to defraud Plaintiff of property and money due under [California Law] . . . by convincing Plaintiff to enter a mediated Agreement by a Special Master, for the purpose of allowing Defendant to create attorney fees for themselves decried from plaintiff's community property." *Id.* ¶ 17. In order to carry out their fraudulent scheme, Plaintiff alleges that Defendants, among other misconduct, denied her the opportunity to make an informed decision about whether to accept a $50,000 settlement from her husband, lied about appointing a "special master" to mediate the divorce, and advanced money to the alleged special master as a "bribe or kickback to remain complicate [sic] as part of a common scheme to defraud Wife-Plaintiff of her property." *Id.* ¶ 8.

To state a claim under § 1962 of RICO, a plaintiff must allege the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts'") (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (citations omitted); *see also Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 644 (9th Cir. 1995). A plaintiff establishes a pattern of racketeering activity by pleading at least two related and continuous predicate acts that amount to or pose a threat of continued criminal activity. *See Allwaste, Inc. v. Hecht*, 65 F.3d 1523, 1527 (9th Cir. 1995); *see also H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 240 (1989).

In *H.J. Inc.*, the Supreme Court described the "continuity" requirement as both a

"closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition." 492 U.S. at 241.  "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time." *Id.* at 242.  "Open-ended continuity is the threat that criminal conduct will continue into the future.  It is established by showing either that the predicate acts include a specific threat of repetition extending indefinitely into the future or that the predicate acts were part of an ongoing entity's regular way of doing business." *Allwaste*, 65 F.3d at 1527 (citations omitted).

      Plaintiff argues that the Defendants committed the following predicate acts: bribery pursuant to § 1961(1)(a), mail fraud in violation of 18 U.S.C. § 1341, wire fraud under 18 U.S.C. § 1342, and interstate transfer of stolen property in violation of 18 U.S.C. § 2314.  Compl. ¶¶ 21, 37, Prayer for Relief.  Assuming *arguendo* that Plaintiff has established two, related predicate acts, she has nonetheless failed to satisfy the *H.J. Inc.* continuity requirement because the facts she alleges do not amount to or pose a threat of continued criminal activity.

      For one, Plaintiff's complaint is devoid of any allegations from which the Court can reasonably conclude or infer that any predicate acts occurred over a "substantial period of time," as is required for closed-concept continuity.  *See Allwaste*, 65 F.3d at 1528 (noting that the plaintiff should have, but did not, specify the dates of the first and last alleged predicate acts in order to satisfy the "substantial period of time" requirement).  In *Allwaste*, the Ninth Circuit provided some guidance as to what constitutes a "substantial period of time" when it observed that "a pattern of activity lasting only a few months does not reflect the long term criminal conduct to which RICO was intended to apply" and that, generally speaking, the requirement will not "be satisfied by a pattern of activity lasting less than year." *Id.* (internal quotations omitted).  Here, Plaintiff has not provided the Court with the dates of the first and last predicate acts.  There are also no facts in the complaint that suggest that Defendants' conduct occurred over a prolonged

period of time. As such, Plaintiff has failed to demonstrate that the criminal activity she complains of occurred over a "substantial period of time."

Plaintiff also cannot show open-ended continuity because the alleged predicate acts do not pose a threat of continuing criminal activity. The misconduct that Plaintiff complains of all pertain to the dissolution of her marriage to her husband, Ron Hill. There is, therefore, no threat that Defendants will continue to engage in similar predicate acts moving forward because the alleged fraudulent acts pertained only, and specifically, to the dissolution of Plaintiff's marriage. *See Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 194 (9th Cir. 1987) (concluding that predicate acts do not pose a threat of continuing activity when they further a single diversion and when defendants have no more need to commit predicate acts once the diversion is completed). Thus, absent any allegations demonstrating that Defendants' alleged racketeering activities extend beyond the context of Plaintiff's divorce, Plaintiff has not satisfied the requirement that the predicate acts pose a threat of continued criminal activity.

### III. Pendent Jurisdiction

Pursuant to 28 U.S.C. § 1367(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Yet even "once judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Townsend v. Columbia Operations*, 667 F.2d 844, 850 (9th Cir. 1982). In the event that all federal law claims are eliminated

before trial, a district court must weigh the following factors before declining or choosing to exercise pendent jurisdiction: judicial economy, comity, convenience, and fairness. *See Bryant v. Adventist Health System/W.*, 289 F.3d 1162, 1169 (9th Cir. 2002) (quoting *Carnegie—Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. ED. 2d 720 (1988)).

Because the Court has dismissed the only federal cause of action apparent in the complaint, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The remaining claims are state tort claims governed by California law and have no nexus to questions of federal policy. Thus, there is no federal interest served by proceeding with the state law causes of action in federal court, and the interest of comity would be served by permitting the state court to decide issues relating to the remaining state law claims and defenses. As for convenience to the litigants and fairness, the Court concludes that neither factor weighs against declining to exercise supplemental jurisdiction as the case is in its infancy, and no answer has yet been filed.

## CONCLUSION

For the foregoing reasons the Court **GRANTS** Plaintiff's IFP motion, **DISMISSES** Plaintiff's RICO cause of action for failure to state a claim on which relief can be granted, and **DECLINES** to exercise supplemental jurisdiction over the remaining state law claims. As such, the Court also **DENIES** Plaintiff's pending request for appointment of counsel as moot. The Plaintiff may refile her California causes of action in state court.

**IT IS SO ORDERED.**

Dated: January 4, 2017

Hon. Gonzalo P. Curiel
United States District Judge